Defendants-appellants Larry Stickle, et al. appeal the September 21, 1998 Judgment Entry of the Licking County Court of Common Pleas which granted a permanent injunction against appellants and ordered a civil forfeiture of $500.00 to be paid to plaintiff-appellee Philip M. Manogg.
 STATEMENT OF THE CASE
Appellee filed a complaint against appellants, the Newark Township Trustees, on or about July 19, 1996, requesting money damages and injunctive relief for alleged separate violations of R.C. 121.22 (Ohio's Sunshine Law) occurring on May 23, 1996, and June 13, 1996.
The trial court conducted a trial on appellee's complaint on June 4, 1997. By Judgment Entry filed August 11, 1997, the trial court found appellants violated R.C. 121.22 at their June 13, 1996 trustee meeting. As a result of the violation, the trial court permanently enjoined appellants from further violations (specifically, preventing those in attendance from knowing what business was being conducted) and assessed a $500.00 civil forfeiture to be paid to appellee.
Appellants appealed the trial court's judgment to this Court in Case No. 97CA104. Appellee cross-appealed alleging trial court error in failing to rule on whether appellants also violated R.C. 121.22 at the May 23, 1996 trustee meeting.
On April 8, 1998, this Court upheld the trial court's judgment as to its findings regarding the June 13, 1996 trustee meeting and remanded the case to the trial court to determine whether appellants violated R.C. 121.22 with regard to the May 23, 1996 trustee meeting.
Upon remand, the trial court found a violation also existed for the May 23, 1996 trustee meeting. Accordingly, the trial court issued a second injunction against appellants and ordered an additional $500.00 civil forfeiture to be paid to appellee via Judgment Entry filed September 21, 1998. It is from this judgment entry appellants prosecute this appeal assigning as error:
 I. THE TRIAL COURT ERRED IN ISSUING MULTIPLE INJUNCTIONS FOR VIOLATIONS OF R.C. 121.22.
 II. THE TRIAL COURT ERRED IN ISSUING A SECOND CIVIL FORFEITURE OF $500.00 WHEN A CIVIL FORFEITURE HAD ALREADY BEEN ISSUED BY THE COURT FOR A SUBSEQUENT MEETING VIOLATION.
We begin by noting it appears this is a case of first impression. Further, we note appellants do not assert any error in the trial court's finding they violated R.C. 121.22 at their May 23, 1996 trustee meeting.
 I
R.C. 121.22 provides, in pertinent part:
 (A) This section shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law.
* * *
 (I)(1) Any person may bring an action to enforce this section. An action under division (I)(1) of this section shall be brought within two years after the date of the alleged violation or threatened violation. Upon proof of a violation or threatened violation of this section in an action brought by any person, the court of common pleas shall issue an injunction to compel the members of the public body to comply with its provisions.
 (2)(a) If the court of common pleas issues an injunction pursuant to division (I)(1) of this section, the court shall order the public body that it enjoins to pay a civil forfeiture of five hundred dollars to the party that sought the injunction and shall award to that party all court costs and, subject to reduction as described in division (I)(2) of this section, reasonable attorney's fees. * * *
Appellants note the May 23, 1996 trustee meeting occurred before the first injunction was issued. No allegations were made appellants had violated that injunction. Because the second injunction enjoined the same conduct appellants had already been enjoined from doing by the first injunction, appellants contend the trial court erred in issuing the second injunction. Appellants assert an injunction lies only against an existing or threatened injury, not past offenses, citingBroadway Prop., Inc. v. Crouch (1961), 114 Ohio App. 30, in support thereof. While we generally agree with this proposition of law, we find the mandatory language found in the statute requires an exception to the general rule.
The statute clearly provides upon proof of a violation the court shall issue an injunction. We find the statute mandates issuance of an injunction for each violation despite the fact the same conduct may have been previously enjoined. The fact the second injunction is duplicitous, does not render it illegal within the context of R.C. 121.22.
Appellants' first assignment of error is overruled.
 II
Herein, appellants assert the purpose of the Sunshine Law is not to provide a cash windfall to plaintiffs. Rather, the purpose is to deter governmental entities from further violation of the law. Appellants also argue the civil forfeiture attaches to the injunction as opposed to the alleged violation, and for the reasons it advanced under Assignment of Error No. I, only one civil forfeiture should be found because only one injunction should have issued.
Having found the trial court did not err in issuing a second injunction in No. I, supra, we reject the second prong of appellants' argument.
We also rejects appellants' "windfall" argument. We note the statute specifically states it shall be liberally construed to require public officials to comply with the statute. To hold only one civil forfeiture applies to multiple violations would not deter public officials from repeated violations of the statute, at least until such time as a court finds a violation has occurred and issues an injunction. By the time it takes to judicially determine a violation has occurred, the public officials may have repeatedly violated the Sunshine Law. To assess only one $500.00 civil forfeiture for repeated violations would do little to encourage compliance. Accordingly, we hold the $500.00 civil forfeiture under R.C.121.22 is applicable to each violation found.
Appellants' second assignment of error is overruled.
The judgment of the Licking County Court of Common Pleas is affirmed.
By: Hoffman, J., Wise, P.J. and Edwards, J. concur.
-------------------
-------------------
 ------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellants.
-------------------
-------------------
-------------------
JUDGES